CAROLINE E. JUNGER, Appellee, v. E. C. JUNGER, Appellant.

No. 41054.

FEBRUARY 7, 1933.

Prichard & Prichard, for appellee.

Underhill & Miller and P. W. Harding, for appellant.

Evans, J.—The plaintiff obtained a decree of divorce from the defendant in September, 1925. The provision in the decree for alimony required the defendant to pay to the plaintiff the sum of $200 monthly; and to pay further annually the accruing taxes upon the home owned and occupied by the plaintiff. This latter item amounted approximately to $120 annually. The plaintiff was awarded the custody of the two minor children, who are now in their early teens. Other children had attained their majority and were not considered in the alimony provision. The defendant is a physician, and has been engaged in the practice of his profession in his home town for twenty-six years. He is now fifty-nine years of age. His application was filed in September, 1929. It was actually tried in the district court in January, 1931. The case reaches us in January, 1933. The contention of the defendant was at the trial below that his earning capacity had become very seriously reduced, and that his income was insufficient for his own support. He lives frugally. He eats his meals at a restaurant, and sleeps in a room adjoining his office. He contends that his earning capacity has been reduced by disabilities suffered by him in an automobile accident. He also contends that he has no property of any substantial value. On the other hand the testimony of the plaintiff tended to show that the defendant was wealthy, and was earning from his practice from six to seven thousand dollars per year. The plaintiff claims to have examined the defendant's books shortly before the trial, and that they disclosed his continuing earnings to the amount above indicated. As to the financial condition of the plaintiff, it is contended by the defendant that she is wealthy, and that she lives luxuriously and has no need of alimony. As against this it is shown by the plaintiff that she is in straitened circumstances; that her two minor children are in their early teens and are pursuing their educational courses; that they will be a charge upon her for another seven or eight years;

638

that she has very little income beyond the amount provided for in the decree. She has a fund of fifteen or twenty thousand dollars, which is so invested as to produce an income of about $500.

Such is the general nature of the evidence on both sides. It is quite irreconcilable. The trial court gave to the defendant the benefit of the doubt, and reduced the alimony to $100 a month plus the payment of taxes. This is the order from which defendant has appealed. Approximation is the best that can be done in this kind of a case and upon this kind of a record. We should find it very difficult indeed to give any reason predicated upon this record that would justify us either to add to, or take from, the order made by the district court.

It is accordingly—Affirmed.

KINDIG, C. J., and STEVENS, ALBERT, UTTERBACK, DONEGAN, and KINTZINGER, JJ., concur.